**No. 56355.**—G. H. Mumm Champagne (S. V. C. S.) and Associates, Inc., and Edward P. Paul & Co., Inc. v. United States, protests 119407–K and 173865–K (New York).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 56356.**—Acme Litho Plate Graining, Inc., et al. v. United States, protests 171650–K, etc. (New York).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 56357.**—Nathan Newman v. United States, protests 175345–K (B) and 175345–K (C) (New York).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 56358.**—Ernst Roth & Co. v. United States, petition 6771–R (New Orleans).

Opinion by JOHNSON, J. From the testimony it appeared that since the merchandise was purchased by mail and there was no opportunity to inspect the goods, the petitioner obtained the services of a firm for the purpose of examining and rejecting inferior merchandise, paying said firm 3 percent for such service. In some instances, an additional 1 percent was paid to another agent, and petitioner's witness was of the opinion that these payments were not part of the value of the goods for duty purposes. However, after the petitioner informed the Government officials relative to said payments, the appraiser advised petitioner that the entries should be corrected accordingly. Certain New York entries, covered by other importations, were amended, but the New Orleans entries in question were not amended by the broker. From a consideration of the evidence in the case it was held that the petitioner entered the handbags in good faith and had no intention to defraud the revenue or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.